IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DANIEL P. BRANSON and SHAYE BRANSON,           Plaintiffs, <br><br>      v. <br><br> RECONTRUST CO., N.A.; BANK OF AMERICA, N.A., successor by merger with BAC HOME LOAN SERVICING; BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK as TRUSTEE for the certificate holders CWALT INC., ALTERNATIVE LOAN TRUST 2007-15CB, MORTGAGE PASS-THROUGH CERTIFICATES; MORTGAGE CERTIFICATES; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.; <br><br>           Defendants. | CASE NO.  3:11-cv-1526-HO <br><br> ORDER |

## INTRODUCTION

Plaintiffs Daniel Branson and Shaye Branson (plaintiffs),

filed eight claims against defendants Recontrust Co., N.A.

(Recon); Bank of America (BoA), N.A., successor by merger with

BAC Home Loan Servicing; Bank of New York Mellon (BNYM), FKA The Bank of New York as Trustee for the certificate holders CWALT INC., Alternative Loan Trust 2007-15CB, Mortgage Pass-through Certificates; and Mortgage Electronic Registration Systems Inc. (MERS). [#1-7].

Defendants initially moved to dismiss all plaintiff's claims, however, at oral argument on February 29, 2012, their oral motion to withdraw their motion to dismiss plaintiff's eighth claim was granted. [#4; #16]. Subsequently, the court in a written order, granted defendants' motion to dismiss plaintiffs' remaining claims. [#18].

Plaintiffs' Motion for Reconsideration is currently before the court. [#20].

BACKGROUND

This action arises from an April 17, 2007, loan with which plaintiffs financed the purchase of a residential property in Gresham, Oregon. [#1-Ex.7,p.4,¶¶9-10]. Plaintiffs do not dispute that they defaulted on their loan by approximately March 1, 2009. [#9-Ex.A,p.1; #12-p.35].

The Deed of Trust (DOT) recorded on May 18, 2007,(Multnomah County Doc. no. 2007-089298), was assigned by MERS to BNYM on February 19, 2010, and that assignment was recorded on February 24, 2010 (Multnomah County Doc. no. 2010-025236). [#1-Ex.2]. Also on February 19, 2010, BNYM appointed Recon as successor

2 - ORDER

trustee. [#1-Ex.4].   The assignment to Recon was also recorded on
February 24, 2010, (Multnomah County Doc. no 2010-025237), as was
Recon's Notice of Default and Election to Sell (Multnomah County
Doc. no 2010-025238).   [#1-Ex.3; Ex.7,p.8].

Through a Rescission of Notice of Default dated December 7,
2010, and recorded December 9, 2010, (Multnomah County Doc. no.
2010-155885), Recon withdrew its Notice of Default and Election
to Sell.   [#1-Ex.5; Ex.7,p.9].   In February of 2011, BoA changed
the locks to the property without the Bransons' consent[1].
[#12,p.7; #1-Ex.7,p.23,¶82].

Recon issued a second Notice of Default and Election to Sell
the property, recorded on April 22, 2011 (Multnomah County doc.
no. 2011-048643). [#9-Ex.A].   On June 21, 2011, the City of
Gresham issued plaintiffs a notice of civil penalty in the amount
of $700 for failing to secure a derelict building.   [#1-Ex.6].
The property was sold at a trustee's sale on August 22, 2011.
[*Id.*; #5-p.4].

## DISCUSSION

### 1.   Motion to Reconsider:

It is well established in federal case law that
reconsideration may be indicated in the face of new evidence, an
intervening change in the law, or as necessary to prevent

---

[1]      The parties disagree about whether plaintiffs were
residing at least part-time at the property at that time. [#12-
p.7; #5-pp.18-19].

manifest injustice.  *Mustafa v. Clark County Sch Distr.,* 157 F.3d 1169, 1178-79 (9th Cir 1998).

A motion for reconsideration should accomplish two goals: (1) it should demonstrate reasons why the court should reconsider its prior decision and (2) set forth law or facts of a strongly convincing nature to induce the court to reverse its prior decision.  *Donaldson v. Liberty Mut. Ins. Co.,* 947 F. Supp. 429, 430 (D.Haw 1996).  Whether to grant the motion is within the sound discretion of the court.  *Navajo Nation v. Confederated Tribes & Bands of Yakima Indian Nation,* 331 F.3d 1041, 1046 (9th Cir. 2003).

Plaintiffs argue that the court should vacate its previous ruling with respect to their seventh claim for constructive ouster.  [#20].  Plaintiffs contend the court erred in dismissing their constructive ouster claim because they "never claimed nor alleged that the lock changing incident and constructive ouster constitute grounds for overturning the foreclosure sale" but rather that their complaint "sought damages in the amount of $35,000.00 . . . not declaratory relief."  [#20-p.3].

Plaintiffs asserted in their briefing that they "still resided at the property several days out of the week . . .were actively maintaining the property" and had "substantial amounts of furniture, equipment and personal items at the property" and they, not BoA, were the record owners of the property at the time

4 - ORDER

BoA changed the locks.   [#1-Ex.7-pp.23-24; #12-p.37].   However,

plaintiffs' contentions ignore both the uncontested fact that

their loan was in default when the locks were changed and the

provisions of their DOT which stated:

> "If (a) Borrower fails to perform the covenants and
> agreements . . . then the Lender may do and pay for whatever is
> reasonable or appropriate to protect Lender's property including
> . . .securing the Property [which] includes . . .entering to make
> repairs, change locks . . . ."

[#1-Ex.1-p.6].

Because the DOT specifically provided for the contested

action, in the event of plaintiffs' failure to perform the

covenants and agreements, upon reconsideration, I find that

plaintiff's constructive ouster claim for damages fails to state

a claim and affirm the previous order dismissing this action.

CONCLUSION

Based on the foregoing, plaintiffs' Motion for

Reconsideration [#20] is GRANTED.   However, upon reconsideration,

this court's previous order dismissing this matter [#18] is

AFFIRMED.

IT IS SO ORDERED.

DATED this _26th_ day of June, 2012.

_Michael R. Hogan_
United States District Judge

5 - ORDER